FREDERICK M. JABARA and Others, Copartners, Doing Business under the Firm Name and Style of F. M. JABARA & BROTHERS, Appellants, v. MOBADDA RASHID, Doing Business under the Name and Also Known as S. M. RASHID, Respondent.

First Department, May 5, 1939.

George G. Lake of counsel, for the appellants.

Bartholomew A. Moynahan of counsel [George A. Ferris, attorney], for the respondent.

DORE, J. Plaintiffs sue on two promissory notes. Defendant's amended answer admits the signing of the notes, denies valid delivery and consideration, and sets up as affirmative defenses, (1) that the notes were executed for plaintiffs' accommodation, (2) that there was no consideration, and (3) payment in full. Prior to the service of defendant's amended answer and based on the original answer, defendant made a previous motion for examination of plaintiffs before trial which was granted and plaintiffs appealed. Thereafter new counsel were substituted for defendant and the present amended answer was served pursuant to stipulation which in addition to the defenses contains three counterclaims: (1) conditional delivery of the promissory notes; (2) breach of alleged fiduciary relationship respecting claimed excessive payments by defendant to plaintiffs procured through alleged fraud and asking an accounting; and (3) fraudulent breach of plaintiffs' alleged agreement to charge defendant at the lowest prices charged to plaintiffs' other customers for similar merchandise. The pleadings having been changed, plaintiffs' appeal was withdrawn.

The examination now allowed permits a discovery and inspection of all the plaintiffs' books and records from 1929 to the beginning of the action in August, 1938 (together with all correspondence between plaintiffs and defendant), and all inventories as well as memoranda and vouchers and all other books and papers showing prices charged by plaintiffs for merchandise shipped " to any of plaintiffs' customers during the period from 1929 up to the year 1937 inclusive." In effect this compels a discovery and inspection of the whole of plaintiffs' business for a period of ten years. Defendant claims he is in the rug business and not in the linen and lace business and, therefore, has no desire to find out who plaintiffs' customers are. But defendant from 1908 to 1937, a period of twenty-nine years, had been engaged in the linen and lace business with the plaintiffs and not with plaintiffs exclusively. Under the facts and circumstances disclosed we think the examination permitted was entirely too broad and that a discovery and inspection should not be allowed at this time.

The order should be modified by striking out C in its entirety and by striking from A items 10, 11, 12, 16, 17, 18 and 19, without prejudice, however, to a renewal of the motion for the items denied and for a discovery and inspection after completion of the examination and service by defendant of a supplemental bill of particulars which shall be also without prejudice to the service of a further bill if a further examination is allowed. We think, too, that subsequent examination, if any, on items disallowed or any discovery and inspection should be had before a referee. The order should be modified accordingly and as so modified affirmed.

Martin, P. J., O'Malley, Townley and Callahan, JJ., concur.

Order unanimously modified as stated in opinion and as so modified affirmed. The date for the examination to proceed to be fixed in the order. Settle order on notice.